*BRIDDLE & WIFE vs VEST & HODGES.*

---

## Briddle and wife *vs* Vest and Hodges.

### ERROR TO THE FRANKLIN CIRCUIT.

*Affidavit. Bail. Recognizance of Bail.*

JUDGE MARSHALL delivered the Opinion of the Court.

MOTION.

*Case 55.*

*December 25.*

THIS was a motion to quash the recognizance of Vest and Hodges, as bail for Asa. T. Carl, in an action of trespass *vi et armis*, brought against him and two others, by Briddle and wife, and in which bail was required of Asa. T. Carl alone, upon the affidavit of Briddle, stating his belief that said Carl would leave the Commonwealth, or remove his property from it before judgment, or otherwise abscond, so that the process, after judgment, could not be executed.

Grounds of motion.

The Circuit Court quashed the recognizance; and the principal question now presented is, whether bail was rightfully required of said A. T. Carl, for if it was not, he was wrongfully imprisoned, and any bond or recognizance required and taken for his discharge, must fail for the want of a legal foundation.

Judgment of Circuit Court.

Upon inspection of the statute of 1821, abolishing imprisonment for debt, 1 *Stat. Law*, 195, it is apparent that the second section, under which this proceeding was had, does not, according to its literal import, authorize bail to be taken where the process issues against more than one person, unless upon affidavit of the plaintiffs

belief, that all the persons, against whom the process is to issue, will remove their property, &c. so that the process, after judgment, cannot be executed. And as the affidavit shows that the process was to issue against three persons, (against all of which it did in fact issue,) if the literal construction of the statute is to prevail, the requisition of bail against A. T. Carl alone, was unauthorized, and the recognizance or bail bond therefore void.

*Affidavit to hold one of several def'ts. to bail, must show that the removal of the person. or property of the def't. sought to be held to bail, will defeat the remedy after judgment.*

It is obvious, however, that the statute is one of a remedial character, and that its object is to enable the plaintiff to prevent the defeat of his anticipated judgment, by the removal of the person or property that would otherwise be subject to it. And as the removal of the property of the only defendant who has property, where there are two or more, would as effectually defeat the available execution of the judgment, as the removal of the property of a single defendant, or of all the defendants would in other cases, it is urged that we should construe the statute so as to give effect to its object, and that as such a case comes clearly within its object, it should be regarded as coming within its operation. But if it be conceded that the statute should be so construed as to embrace a case where one only of several defendants is about to remove himself or property, it is clear that it only embraces such a case, when the removal of one will as effectually defeat the judgment as would the removal of all. And it seems to us that before a plaintiff could claim the benefit of this liberal construction of the statute, he should, by his affidavit, bring his case as clearly and precisely within the terms of this construction, as by the ordinary affidavit, the ordinary case of requiring bail from all, is brought within the literal terms of the statute; that is, the affidavit should show as clearly and precisely that the removal of the person or property, &c. of one of several defendants, will defeat the execution of the process after judgment, as it appears from an affidavit in a case literally within the statute, that the removal of the defendant or his property, where there is but one, or of all the defendants, where there are several, will have that effect.

And in this respect, as we think, the affidavit in this <span style="float:right">BRIDDLE & WIFE<br>*vs*<br>VEST & HODGES.</span> case is insufficient to authorize the requisition of bail, even under the construction of the statute contended for. It does not state that the other ·defendants had no property, and therefore, it does not follow as a necessary conclusion, from the facts stated, that the removal of A. T. Carl and his property will defeat the judgment. It is true the affidavit concludes "so that the process after judgment cannot be executed." But in the statement made in the words of the statute, this conclusion is an obvious and necessary consequence from the facts stated, and does not depend merely upon the belief or apprehension of the affiant. In this case it does not so follow from the facts, but rests at most upon the mere apprehension or belief of the affiant, the particular grounds of which are not shown; and what is perhaps equally or even more important, it is not certain that the affiant means to say any thing more, than that the process, after judgment, cannot be executed on the defendant, who is about to remove, &c. And when it is considered that in this case, the process of *ca. sa.* is allowed, which might be executed on the two remaining defendants, though they may have no property, the inference from the affidavit, perhaps should be, that the affiant intended only to say, that the process could not be executed on A. T. Carl.

In every view of the case then, and whether the literal construction of the statute be adhered to or not, we are satisfied that this affidavit is insufficient to authorize the requisition of bail against A. T. Carl alone. Wherefore, without deciding that the literal construction of the statute may be departed from, the judgment is affirmed.

*Hewitt* for plaintiff.